UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIANE KELLOM,

                Plaintiff,

       -against-

CRAIG B. THOMPSON,

                Defendant.

25-CV-5811 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On September 3, 2025, the Court dismissed the complaint for Plaintiff's failure to pay the $405.00 in fees required to file a civil action in this court or file a request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF 9.) The Clerk of Court entered a civil judgment on September 5, 2025. (ECF 10.) On October 15, 2025, Plaintiff filed a motion for reconsideration pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure, as well as a supporting memorandum, challenging the September 3, 2025 dismissal order. (ECF 12, 13.)

After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

**A.    Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see*

*also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)).

A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

Plaintiff did not file this motion within 28 days of the entry of judgment. The Clerk of Court entered judgment on September 5, 2025, and Plaintiff did not file this motion until October 15, 2025. The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

**B.     Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

2

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

In her motion, Plaintiff repeats her argument, which was previously rejected by the Court, that requiring her to pay the filing fees or file an IFP application violates her federal constitutional rights. As the Court has previously explained to Plaintiff, the United States Supreme Court has upheld the imposition of filing fees, *see Ortwein v. Schwab*, 410 U.S. 656 (1973), and those fees may be waived upon submission of a completed IFP application showing that the applicant cannot pay the fees, *see, e.g.*, *Billie v. Deutsche Bank Tr. Co.*, No. 18-CV-1176, 2018 WL 10579835, at *1 (D. Conn. Aug. 22, 2018) ("Section 1915 ensures access to the courts in cases where undue hardship would otherwise prevent an indigent individual from pursuing a viable claim. However, individuals may not proceed *in forma pauperis* if they 'have not included financial affidavits' establishing indigence." (citation omitted)). Plaintiff has not paid the fees or submitted an IFP application.

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 12) is denied. The Clerk of Court is directed to terminate all motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 24, 2025
        New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge